

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2008

# Pacconi v. Trustees United Mine

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pacconi v. Trustees United Mine" (2008). *2008 Decisions.* Paper 1626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4799

_____

JOSEPH F. PACCONI, JR.,

Appellant

v.

TRUSTEES OF THE UNITED MINE WORKERS OF AMERICA, HEALTH AND
RETIREMENT FUND OF 1974; MICHAEL H. HOLLAND; MICHAEL W.
BUCKNER; STEVEN F. SCHAAB; B. V. HYLE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 05-cv-01488)
District Judge: Honorable Terrence F. McVerry

Submitted Under Third Circuit LAR 34.1(a)
January 15, 2008

Before: BARRY, CHAGARES and ROTH, <u>Circuit</u> <u>Judges</u>.

_____

(Filed: February 11, 2008)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Joseph Pacconi appeals the District Court's adverse grant of summary judgment on his claim for disability retirement benefits under the Employment Retirement Income Security Act of 1974 (ERISA). As the trustees administering the benefit plan (the Trustees, and, the Plan, respectively) did not arbitrarily or capriciously deny Pacconi's claim, we will affirm the District Court's entry of summary judgment.

I.

As we write mainly for the parties, we only briefly recite the facts. After roughly 30 years of coal mine employment, Joseph Pacconi applied for a disability pension from the United Mine Workers of America (UMWA) on June 20, 2003. Pacconi had suffered numerous work-related injuries, and claimed entitlement to benefits based on disabling back and neck conditions, bilateral plantar fibrosis, bilateral foot pain, partial tear of the left bicep, right ulnar neuritis, right hand carpal tunnel syndrome, and chronic ankle pain.

On September 16, 2004, the Trustees denied Pacconi's claim, concluding that none of Pacconi's medical conditions met the criteria for qualification under the Plan. The Trustees subsequently reaffirmed their denial of Pacconi's claim on two more occasions. In all three of these reviews of Pacconi's conditions, the examiners denied the claims based on Pacconi's failure to demonstrate a causal link—that a mining accident caused the injuries in question.

Following these denials, Pacconi filed a complaint alleging wrongful denial of

disability pension benefits against the Trustees under ERISA, 29 U.S.C. § 1001, *et seq*.

The District Court granted the Trustees' motion for summary judgment, finding, among

other things,[1] that while Pacconi had numerous ankle sprains, his doctor attributed his

ankle condition to "degenerative arthritic changes, which would render the ankle

condition ineligible for consideration under Q&A 252"—the Trustees' interpretive

"question and answer" guideline that disqualifies progressive conditions under the Plan.

Pacconi appeals this judgment.

## II.

The main thrust of Pacconi's appeal is that the District Court impermissibly relied

on the Trustees' post hoc justification for denying his claim.   ERISA requires employee

benefit plans "provide adequate notice" to participants denied benefits under a plan,

"setting forth the specific reasons for such denial" so to "afford a reasonable opportunity .

. . for a full and fair review" by the plan administrators.  29 U.S.C. §1133; 29 C.F.R. §

22560.503-1.  To enable plan participants to contest denials of their claims, and to enable

effective judicial review of the plan administrators' determinations, "a reviewing court

must focus on the evidence available to the plan administrators at the time of their

decision and may not admit new evidence or consider *post hoc* rationales."  Flinders v.

Workforce Stabilization Plan, 491 F.3d 1180, 1190 (10th Cir. 2007) (quoting King v.

_____

[1] Despite the myriad of conditions on which Pacconi based his claim, he limits this appeal to his chronic ankle pain and instability.

3

<u>Hartford Life and Accident Ins. Co.</u>, 414 F.3d 994, 999 (8th Cir. 2005) (refusing to allow claimants to "be sandbagged by after-the-fact plan interpretations devised for the purposes of litigation")).

Pacconi's contention that the District Court considered a post hoc rationale for the Trustees' denial of his claims may have some merit. While the Trustees consistently explained that Pacconi was unable to prove that a mine accident caused his injuries, their specific reasons for this finding are more nuanced. In the Trustees' various letters of denial, the stated reason for disqualifying Pacconi's ankle condition claim was that "it would not be reasonable to conclude that the event of June 11, 1997, caused or contributed to Mr. Pacconi's right ankle pain status-post ankle reconstruction." App. 117. The Trustees reached this conclusion by finding that despite sustaining the injury on June 11, 1997, "[t]here was no evidence that [Pacconi] was treated for this condition until November 1997." App. 117. Moreover, "[Pacconi] did not miss any time due to this accident" and indeed, even after a ligament reconstruction procedure in 1999, he "returned to regular duty and continued to work until he was laid off in January 2000." App. 117. The denial of Pacconi's claim regarding his chronic ankle pain was distinguished from his claims based on degenerative disc disease of the lumbar spine, right hand carpal tunnel syndrome, and degenerative joint disease of the cervical spine, where the Trustees found such conditions did not "result[] from one specific event such as a mining accident." App. 115-117. Accordingly, while the Trustees disqualified these

4

latter conditions based on the progressive (rather than event-specific) nature of the condition in question, the Trustees disqualified Pacconi's ankle condition by discounting the June 1997 event itself.

Even if we assume, however, that the District Court did impermissibly rely on a post hoc justification, and thus we do not defer to this justification, see Gritzer v. CBS, Inc., 275 F.3d 291, 296 (3d Cir. 2002), the Trustees still exercised their discretion under the Plan in denying Pacconi's claims according to their consistently stated rationale: discounting the June 1997 accident. Where an employee benefit plan vests the administrators with discretion to make benefit determinations, we must defer absent arbitrary and capricious conduct. See Vitale v. Latrobe Area Hosp., 420 F.3d 278, 281-82 (3d Cir. 2005) (noting that because of this standard, the administrator's decision "will be overturned only if it is 'clearly not supported by the evidence in the record'"); Moats v. United Mine Workers of America Health and Ret. Funds, 981 F.2d 685, 688 (3d Cir. 1992) ("[U]nder the arbitrary and capricious standard, the trustees' interpretation should be upheld even if the court disagrees with it, so long as the interpretation is rationally related to a valid plan purpose and not contrary to the plain language of the plan.").

As noted above, evidence shows that despite Pacconi's June 1997 accident, he did not receive medical treatment until November. So too, he did not miss any time due to the accident, and he indeed returned to work after his ankle surgery and continued until the mines shut down. Accordingly, the Trustees' denial is supported by the record, and

5

we will affirm the judgment of the District Court.